UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>KARINA RODRIGUEZ,<br><br>Defendant. | CASE NO. CR19-203RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Karina Rodriguez. Dkt. #734. Ms. Rodriguez, an inmate at Federal Medical Center (FMC) Carswell in Texas, moves for a reduction in her custodial sentence to time served. *Id.* Ms. Rodriguez makes this request because she believes she is "in serious risk of contracting COVID and now Monkey Pox… due to my poor health conditions." *Id.* at 5.

On August 27, 2021, this Court sentenced Ms. Rodriguez to 30 months' imprisonment to be followed by three years of supervised release. Dkt. 604. She reported into custody on October 7, 2021. Ms. Rodriguez's projected release date is November 20, 2023. Dkt. #739 at 6.

Ms. Rodriguez filed the instant Motion on August 29, 2022. Dkt. #734. Based on the medical records Ms. Rodriguez attached as Exhibit A to her motion, she was diagnosed with the BRCA2 mutation in 2018, which increases her risk of developing certain cancers, like breast and

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

ovarian cancer. Dkt. 734 at 17-18, 21, and 37- 38.  In her motion, Ms. Rodriguez indicates that the BRCA2 mutation makes her more vulnerable to COVID-19 and Monkeypox, but she offers no support for that claim.  The Government submits evidence from various medical organizations indicating that this mutation is not a risk factor for COVID-19.  Dkt. #739 at 7.  In any event, it is not listed as a risk factor for COVID by the CDC.  *See* "Medical Conditions" https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Updated September 2, 2022) (Last visited September 23, 2022).  The Court has no reason to believe Ms. Rodriguez has been diagnosed with cancer.  The Government points out that Ms. Rodriguez has been vaccinated for COVID-19 and has actually recovered from COVID-19 earlier this year without serious complications.  *See* Dkt. #739 at 8.  Ms. Rodriguez also asserts that she is not receiving proper medical care, again without any specific support for that claim.

Ms. Rodriguez states that she submitted a request for compassionate release on July 19, 2022, and did not receive a reply from Warden Smith.  Dkt. #734 at 2.  She does not include a copy of that request or any records related to that request.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

        correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

Although the record is insufficient, in the interest of resolving this issue on the merits, the Court takes Ms. Rodriguez at her word and finds that she has exhausted her administrative remedies. The Court therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.

The Court finds that Ms. Rodriguez has received a COVID-19 vaccination and recovered from a previous infection without life-threatening complications. The Court agrees with the

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

Government that Ms. Rodriguez has failed to demonstrate a risk factor for COVID-19 sufficient to demonstrate extraordinary and compelling reasons for a sentence reduction. A passing reference to Monkeypox is also insufficient. Further, she has failed to demonstrate that she is not receiving adequate medical care.

Given all of the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Ms. Rodriguez's Section 3553 factors or any other considerations. Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #734, is DENIED.

DATED this 26th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE